JAMES STEWART HERRMAN, Respondent, v. FRIEDA HART, Appellant.

First Department, July 2, 1920.

Pleadings — complaint uniting causes of action for breach of agreement to pay taxes and for false representations made to induce conveyance — actions arising out of same transaction — demurrer to complaint stating two causes — sufficiency of one cause may be determined although other cause is properly pleaded.

A cause of action based on the failure of a grantee to pay certain taxes as agreed, so that the plaintiff was obliged to pay the same to protect his second mortgage on the premises, is properly united with another cause of action based on alleged misrepresentations as to the depth of a water front made to induce the plaintiff to convey the property and to accept a second mortgage as part consideration, for the two causes of action arise directly out of the same transaction.

Where a defendant demurs to a complaint stating two causes of action upon the ground that the allegations as to the second cause of action are insufficient, the court should not refuse to pass upon the sufficiency of said cause of action upon the ground that the demurrer is to the entire complaint and that the first cause is properly pleaded.

The second cause of action is subject to demurrer as it fails to allege that any damage was sustained by the plaintiff by reason of the alleged false representations and there is no allegation as to the amount of the first mortgage, the value of the property or that said value has been reduced below the aggregate of the mortgages thereon, or that the security of the plaintiff's mortgage is in any way impaired by the false representations.

APPEAL by the defendant, Frieda Hart, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of April, 1920, overruling the defendant's demurrer to the amended complaint.

Robert Oliver of counsel [George W. Whiteside with him on the brief]; Whiteside & Stryker, attorneys, for the appellant.

Reuben D. Silliman, for the respondent.

DOWLING, J.:

The complaint herein sets forth two causes of action. The first is based upon allegations that plaintiff being the owner of certain property on West Twenty-first street in the borough of Manhattan, city of New York, on or about November 29,

1913, entered into an agreement with certain named parties, whereby said premises were transferred to the agent or dummy of defendant, plaintiff receiving as part of the consideration for the transfer a bond and second mortgage on property located in the borough of Queens, city of New York; and as a further part of said consideration the defendant's agents promised and agreed that certain taxes then outstanding against said property in the borough of Queens, amounting to $1,406, or more, would be paid. It is further alleged that the Twenty-first street property was on the same day conveyed to defendant by her agent or dummy without consideration and that defendant ratified and took the benefit of the promise that the aforesaid taxes would be paid. It is further set forth that defendant failed to pay the said taxes and plaintiff was obliged to pay the same to protect his second mortgage on the property, for the amount of which payment with interest he asked judgment. The second cause of action is based on alleged misrepresentations made to induce plaintiff to execute a conveyance of said Twenty-first street property and to accept in part consideration therefor the said bond and second mortgage amounting to $52,750 upon the same property situated in the borough of Queens, city of New York. There are appropriate allegations to the effect that the grantee in the deed from plaintiff, in whose name also the second mortgage stood, was a mere dummy for defendant, who was the beneficiary of the entire transaction. The false representations, as alleged, are that the water front property described in said mortgage extended out to deep water, where it was fourteen feet deep at low tide, and where the water was navigable for ocean-going three-masted schooners, such as are usually engaged carrying large blocks of building stone and other material on the East river and the Atlantic ocean. It is averred that the representations were not true and that to make the necessary excavations to a depth to permit the accommodation of such schooners at said property would cost more than $15,000. It is further alleged that the bond and mortgage assigned to plaintiff were worth at least $15,000 less than they would have been had the representations made been true, and that by reason thereof plaintiff has sustained

a loss of more than $15,000. Defendant demurred to the complaint herein upon two grounds: (1) That causes of action had been improperly united. (2) That the paragraphs of the amended complaint setting forth a second cause of action did not state facts sufficient to constitute a cause of action. The first ground of demurrer was properly overruled as the two causes of action arise directly out of the same transaction, namely, the exchange of the property in the borough of Manhattan for a consideration consisting in part of the bond and second mortgage on the property in the borough of Queens, and in part of the promise to pay taxes on the said property. The second ground of demurrer was overruled because in the opinion of the learned court at Special Term, the demurrer was to the whole complaint, and as the first cause of action was good, the court declined to pass upon the sufficiency of the second cause of action. In my opinion, the demurrer in the form in which it was interposed fairly raises the question of the sufficiency of the second cause of action and is not to be treated as a demurrer to the entire complaint. Examining the second cause of action, I find no sufficient allegation of any damage sustained by plaintiff by reason of the alleged false representations. Plaintiff received a second mortgage upon this water front property. The value of the property is not alleged nor the amount of the first mortgage thereon. There is no allegation that the value of the property has been reduced below the aggregate of the two mortgages thereon, nor that the security of plaintiff's mortgage is in any way impaired by the false representations. For aught that appears, the property is worth many times the incumbrances thereon. There has been no foreclosure of the first mortgage, nor has anything occurred by reason of these representations which has caused any damage to plaintiff's interests as mortgagee. The demurrer to the second cause of action is, therefore, sustained.

The order appealed from will be modified, so that the demurrer of the defendant to the amended complaint on the ground that causes of action have been improperly united is overruled; and the demurrer upon the ground that sufficient facts are not set forth in the second cause of action to constitute a cause of action is sustained, without costs to either

party. As so modified, the order is affirmed, with ten dollars costs and disbursements to appellant, and with leave to plaintiff to serve an amended complaint within twenty days upon payment of said costs, to which defendant may plead within twenty days thereafter.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order modified as stated in opinion, and as so modified affirmed, with ten dollars costs and disbursements to appellant, with leave to plaintiff to amend complaint upon payment of said costs.